# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Hassan Dones Mose,  ) | Civil Action No.: 4:20-cv-004494-JMC |
| )  | |
| Plaintiff,  ) | |
| )  | |
| v.  ) | **ORDER AND OPINION** |
| )  | |
| Kershaw County Detention Center;  ) | |
| )  | |
| Defendant.  ) | |
| _____)  | |

Plaintiff Hassan Dones Mose, as a former pretrial detainee proceeding *pro se*[1] and *in forma pauperis*[2], brought a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 21 at 4.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On April 16, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss the Complaint with prejudice. (ECF No. 26.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and **DISMISSES WITH PREJUDICE** Hassan Dones Mose's claims. (ECF No. 21).

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] This action was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

1

## I.     BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation.  (*See* ECF No. 26 at 2–3.)  The court will only reference additional facts that are pertinent to the analysis of the issues before it.  On April 1, 2021, Plaintiff was warned of deficiencies in his Amended Complaint (ECF No. 14) and was given an opportunity to cure the deficiencies (ECF No. 18).  On April 14, 2021, Plaintiff filed his second Amended Complaint alleging deprivation of his constitutional rights.  (ECF No. 21.)  On April 16, 2021, the Magistrate Judge issued a Report and Recommendation regarding Plaintiff's claims.  (ECF No. 26.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court; the recommendation has no presumptive weight and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

Plaintiff alleges that Defendant[3] violated his constitutional rights by giving his personal property to another inmate upon his release, thereby depriving Plaintiff of his personal property. (ECF No. 21 at 4.)  In the Report, the Magistrate Judge found Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 26 at 3.)  The Magistrate Judge found that deprivations of property by state employees is not actionable under § 1983 and do not offend due process when adequate post-deprivation state remedies are available. (*Id.*)  Further, the Magistrate Judge found Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South Carolina Tort Claims Act. (*Id.*)  The court agrees and finds that Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property.

The Magistrate Judge advised Plaintiff of his right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 26-1 (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)).)  However, Plaintiff did not file any objections before the deadline.  In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on FED. R.

---

[3] In the caption, Plaintiff names Kershaw County Detention Center as the defendant. (ECF No. 21 at 1.)  On the following page, however, Plaintiff names Tyrell Cato as the defendant. (*Id.* at 2.)  Because Kershaw County Detention Center is not a person subject to suit under § 1983, *see Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001), the court gives the Amended Complaint liberal construction and considers Tyrell Cato to be the defendant.

CIV. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and **DISMISSES WITH PREJUDICE** Hassan Dones Mose's claims. (ECF No. 21).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 1, 2021
Columbia, South Carolina